IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cynthia Cook, Individually, and as Mother and Next Friend of LR, a Disabled Person, and LR<br>3738 Silverpark Court<br>Suitland, MD 20746,<br><br>Plaintiffs,<br><br>v.<br><br>Washington Hospital Center Corporation<br>d/b/a the Washington Hospital Center<br>110 Irving Street, N.W.<br>Washington D.C.  20010,<br><br>Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW the Plaintiffs, Cynthia Cook, Individually, and as Mother and Next Friend of LR, a Disabled Person, and LR, by and through their attorneys, John Lowe and Michael M. Wilson, and represent to this Honorable Court as follows:

(Jurisdiction and Parties)

1. The Plaintiffs, Cynthia Cook, individually, and as Mother and Next Friend of LR, a disabled person, and LR are residents and domiciliaries of the State of Maryland. They reside at 3738 Silverpark Court, Suitland, MD, 20746.

2. Defendant Washington Hospital Center (hereinafter referred to as WHC) is a hospital with its principal place of business located at 110 Irving Street, N.W.,

Washington, D.C. 20010.

3. All acts and/or omissions relating to Plaintiffs' claims against Defendant WHC took place within the District of Columbia.

4. Pursuant to 28 U.S.C. Section 1391(a)(2), the proper venue for this action is Washington, District of Columbia, as a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in the District of Columbia and Defendant WHC has its principal place of business in the District of Columbia.

5. The matter in controversy exceeds the sum of $75,000. As a result of the incidents in this case, LR was severely injured by the medical negligence of Defendant, its employees, and its agents. LR is suffering from mental retardation and will require care for the remainder of her life. Cynthia Cook, mother of LR, under Maryland law, is legally responsible to provide the necessary care to LR for the remainder of their joint lives.

6. As the matter in controversy exceeds the sum of $75,000, and the Plaintiffs and the Defendant are diverse as set forth in 28 U.S.C. Section 1332, this Honorable Court has diversity jurisdiction with respect to this action.

7. Cynthia Cook presented to the Washington Hospital Center on or about April 22, 1991 at 10 p.m. with a history of premature rupture of membranes at 8:30 p.m. on April 22, 1991. The expected date of delivery was June 6, 1991.

8. The onset of labor at the Washington Hospital Center was documented as being 1:30 a.m. on April 23, 1991. The mother was fully dilated by 6:00 a.m. The second stage of labor lasted fifteen minutes, and thus may be considered to have been a precipitous delivery.

9. The membranes were ruptured for ten hours and five minutes prior to delivery.

10. LR had Apgars of 6 at one minute and 8 at five minutes. The infant had respiratory distress. At five hours of age LR had a blood pH of 7.18, which was severely acidotic. LR was then intubated.

11. On Day 3 of life, a cardiologist recommended ECMO "if conventional ventilation continued to fail."

12. On April 25, 1991, LR was transferred from the Washington Hospital Center to CNMC for ECMO.

13. After a substantial period of time, LR was returned to WHC without ECMO having been performed.

14. LR developed brain damage from the severe hypoxia, hypotension, and sepsis suffered at birth.

15. The Defendant breached applicable standards of medical care in failing to appropriately treat the hypoxia, including, but not limited to, the following:

(a) failing to adequately resuscitate LR;

(b) failing to transfuse LR with blood;

(c) failing to correct the hypokalemia;

(d) failing to properly ventilate LR;

(e) administering high doses of inotropic drugs on LR without first resuscitating with fluids or blood;

(f) delaying transfer of LR; and

(g) the defendant may have been negligent in other ways.

16. The Defendant failed to obtain appropriate informed consent of Cynthia Cook

with respect to the treatment of LR.

17. As a direct and proximate result of the aforesaid negligence and failure to obtain appropriate informed consent, Plaintiffs have suffered, and will continue to suffer, damages, including but not limited to the following:

(a) past and future medical, nursing, and institutional and hospital bills;

(b) brain damage; and

(c) such other damages as recognized under District of Columbia Law pertaining to malpractice actions.

WHEREFORE, Cynthia Cook, Individually and as Mother and Next Friend of LR, and LR, demand judgment against Defendant Washington Hospital Center for compensatory damages in the full sum of Thirty Million Dollars ($30,000,000.00), plus interest and costs incurred.

Date: April 23, 2012

Respectfully submitted,

*/s/ John C. Lowe/mw*
John C. Lowe
D.C. Bar No. #427019
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD 20816
(301) 320-3300
Email: johnlowe@johnlowepc.com

*/s/ Michael M. Wilson*
Michael M. Wilson
D.C. Bar No. #941674
1120 19th Street, N.W. Suite LL-11
Washington, D.C. 20036
(202) 223-4488

Fax: (202) 280-1414
Email: wilson@wilsonlaw.com

*Counsel for the Plaintiffs*

### JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

/s/ Michael M. Wilson
Michael M. Wilson
D.C. Bar No. #941674
1120 19th Street, N.W. Suite LL-11
Washington, D.C. 20036
(202) 223-4488
Fax: (202) 280-1414
Email: wilson@wilsonlaw.com

*Counsel for the Plaintiffs*